**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR KENT COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| v. | : | ID No. 1406008729 |
| | : | |
| THOMAS N. VAN VLIET, | : | |
| | : | |
| Defendant. | : | |

*Submitted: September 14, 2015*
*Decided: September 18, 2015*

**UPON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
DENIED**

**ORDER**

This 18th day of September 2015, upon consideration of the evidence at trial, Defendant Thomas Van Vliet's (Defendant's) Motion for Judgment of Acquittal, and the State's response thereto, it appears that:

1.  Trial began in this matter on August 24, 2015 and concluded August 31, 2015.  Defendant was acquitted by a jury of the offenses of (1) Knowingly Operating or Attempting to Operate a Clandestine Laboratory and (2) Drug Dealing.  He was convicted of the offenses of (3) Possession of a Firearm by a Person Prohibited, and (4) Possession of Drug Paraphernalia.

2.  In a written motion filed on September 4, 2015, Defendant moved for a judgment of acquittal of the weapon offense alleging that the jury's verdict of guilt

was inconsistent with acquittal of the offenses of operating a clandestine laboratory and drug dealing. In addition, the Defendant also alleges in his motion that because he was not separately charged with the misdemeanor offense of possession of methamphetamine, the lack of a guilty verdict as to a drug possession charge prohibited conviction of the compound weapon offense.

3. The only authority cited by Defendant in support of his motion is *Tilder v. State*, 313 A.2d 1302 (Del. 1986). That case established the general principle that jury verdicts are significantly isolated from judicial review on the basis of inconsistency.[1] In this regard, the Delaware Supreme Court in *Tilder* adopted the majority view of jury lenity in Delaware.[2] Accordingly, Defendant's authority does not support his position.

4. Nevertheless, in the case at hand, application of the rule of lenity is not necessary. Here, there was no inconsistency in the verdict, actual or implicit. Namely, the two acquitted offenses involve allegations that Defendant was **manufacturing** methamphetamine. The indictment alleges manufacturing as an

---

[1] 513 A.2d at 1306.

[2] *Id.* at 1307; *see also Priest v. State*, 879 A.2d 575, 587 (Del.2005) (noting that the rule of lenity controls in most inconsistent verdict situations).

element of both the clandestine laboratory and drug dealing charges. In contrast, the compound weapon offense at issue, as alleged in the indictment, involved conduct prohibited by 11 *Del. C* § 1448(a)(9). That statute criminalizes a person's possession or control of a deadly weapon,

> (9)...if the deadly weapon is... a handgun, [while that person], at the same time **possesses** a controlled substance in violation of §4763, or §4764 of Title 16.(emphasis added).[3]

5. Here, there was no separate misdemeanor drug possession charge presented to the jury for its consideration. That, in and of itself, establishes the lack of an inconsistent verdict. As the Delaware Supreme Court has consistently held in situations such as the one at hand, when "there [is] no pending predicate charge for the jury to consider, the jury's fact finding and verdict...[can] not be inconsistent."[4] There is no requirement that a conviction of the weapon offense in the instant case required a predicate conviction of a separate charge of misdemeanor possession. Likewise, an acquittal of manufacturing related charges, does not render the jury's verdict inconsistent. The jury was properly instructed regarding the definitions of (1) possession, and (2) manufacturing. It was instructed to find that Defendant possessed

---

[3] 11 *Del C.* § 1448(a)(9).

[4] *Priest v. State*, 879 A.2d at 582 (citing *Brooks v. State*, 367A.2d 638, 640 (Del. 1976).

both a handgun and methamphetamine before rendering a guilty verdict. For that reason, the Defendant's motion for judgment of acquittal alleging verdict inconsistency is denied.

6. Turning to the sufficiency of evidence in this case, there was sufficient evidence for the jury to find that Defendant possessed a handgun, and possessed methamphetamine. The standard for reviewing a motion for judgment of acquittal requires assessing "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] defendant guilty beyond a reasonable doubt."[5] The evidence presented in the State's case-in-chief was sufficient to meet this standard. A reasonable jury could conclude that methamphetamine was located separately in Defendant's bedroom (the master bedroom) and in the coffee table in Defendant's living room. Detective Lamon further testified that a revolver entered into evidence as State Exhibit No. 26 was found in the night stand in the Defendant's bedroom, loaded with rounds. Furthermore, Detective Wheeler testified during the State's case-in-chief that paperwork addressed to the Defendant regarding an upcoming court appearance was also located in that same night stand in Defendant's bedroom.

---

[5] *Monroe v. State*, 652A.2d 560, 563 (Del. 1995).

7. Lastly, when Defendant testified, he admitted to sleeping primarily in the living room chair next to the coffee table containing the methamphetamine. He further testified that he owned the gun, that he had fired it before, and that he had clothes in the closet in the master bedroom containing the methamphetamine. Defendant also testified that when the search warrant was executed he was sitting in the living room next to the table containing a vial of methamphetamine. The Defendant testified that although the gun was found in his and his wife's bedroom, it should have been in the coffee table next to where he was sitting. There was sufficient evidence permitting the jury to conclude that Defendant (1) possessed a controlled substance while (2) possessing a handgun.

8. Finally, although not renewed in the instant filing, the Defendant argued at trial after the close of all the evidence, that there was insufficient evidence that the revolver belonging to the Defendant was capable of firing a round. The definition of a firearm, however, includes a handgun, "whether operable or inoperable."[6] Nevertheless, the Defendant himself testified that he had fired the gun before. Moreover, the Detective that cataloged the gun as evidence noted that there were rounds in the gun, and identified it in the State's case-in-chief as being a .38 revolver.

---

[6] 11 *Del.C.* § 222(12).

*State v. Thomas N. Van Vliet*
ID No. 1406008729
September 18, 2015

Observation of State Exhibit No. 26 leaves no doubt for a lay person of common knowledge that the item was in fact a revolver, capable of firing a projectile. The Court did not accept the Defendant's argument that expert testimony as to the ability of the device to fire a projectile is necessary to sustain a conviction of the offense. Afer Defendant's oral motion for judgment of acquittal during trial, the Court invited Defendant to provide any authority to that effect. The Defendant did not, nor did he provide any such authority in his written motion post-trial. For these reasons, the Court will not revisit its oral decision at trial regarding that issue.

NOW, THEREFORE, IT IS SO ORDERED that the Defendant's Motion for Judgment of Acquittal is DENIED.

/s/ Jeffrey J Clark  
Judge

JJC/jb  
oc:   Prothonotary  
cc:   Lindsay A. Taylor, Esq.  
      Andre M. Beauregard, Esq.